UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.      Case No. 8:06-cr-499-T-23MAP
                  8:11-cv-41-T-23MAP

JOSE BRUNO HERNANDEZ
_____/

**O R D E R**

Hernandez's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for both conspiring to possess and possessing with the intent to distribute five kilograms or more of cocaine while on board a vessel. Hernandez pleaded guilty without a plea agreement and was sentenced to 210 months. The circuit court affirmed (Doc. 203) both the conviction and the sentence.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). The motion to vacate is time-barred.

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a motion to vacate.  "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ."  28 U.S.C. § 2255.  Because Hernandez's conviction was final on June 25, 2008,[2] his limitation expired one year later, in June, 2009.  Pursuant to the mailbox rule,[3] Hernandez's motion to vacate is considered filed as of January 5, 2011, which is both the date he signed the motion and the postmark on the envelope.  Because the motion was filed approximately eighteen months too late, Hernandez's motion to vacate is time-barred.

Hernandez argues entitlement to equitable tolling.  "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010).   "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

---

[2] Hernandez's direct appeal concluded on March 27, 2008.  (Doc. 203 in 8:06-cr-499-T-23MAP) The conviction became final for federal statute of limitation purposes 90 days later, which represents the time allowed for filing a petition for the writ of certiorari.  Clay v. United States, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.");  Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari.") (emphasis original).

[3] Houston v. Lack, 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.");  Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (A pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).

- 2 -

Hernandez admits his untimeliness but argues that his inability to either hire an attorney or read English precluded his timely filing. The inability to obtain counsel justifies no tolling because a petitioner has no constitutional right to counsel in a post-conviction proceeding. Miller v. Florida, 307 Fed. App'x 366, 367-68 (11th Cir. 2009),[4] citing Coleman v. Thompson, 501 U.S. 722, 752 (1991). Neither Hernandez's alleged inability to speak or read English nor his alleged lack of access to books written in Spanish or inmate law clerks who speak Spanish qualify for equitable tolling. See Brown v. United States, 318 Fed. App'x 749 (11th Cir. 2008) (Brown's illiteracy and problem communicating either verbally or with sign-language was not an extraordinary circumstance warranting equitable tolling.); United States v. Montano, 398 F.3d 1276 (11th Cir. 2005) (difficulty with English justifies no equitable tolling for filing a motion to vacate). Accord Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002), cert. denied, 538 U.S. 984 (2003).

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The clerk shall enter a judgment against Hernandez and close the case.

ORDERED in Tampa, Florida, on January 14, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.